UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JELISA MURRAY, ET AL.<br>Plaintiffs | CIVIL ACTION NO. 1:16-CV-00377 |
| VERSUS | CHIEF JUDGE DRELL |
| AMERICO FINANCIAL LIFE<br>AND ANNUITY INSURANCE<br>CO., ET AL. Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are: (1) a Motion to Remand (Doc. 12) filed by Plaintiffs; and (2) a Motion to Compel Joinder of Additional Plaintiff Under Rule 19 (Doc. 13) filed by Defendant Americo Financial Life and Annuity Insurance Company ("AFLAIC"). Because the $85,000 value of a life insurance policy – in addition to other damages – is at issue, and because Plaintiffs cannot state a viable claim against the non-diverse Defendant, remand is unwarranted. Further, Plaintiffs have failed to join the third named beneficiary to the life insurance policy. Because that beneficiary is a necessary party under Fed. R. Civ. P. 19, the beneficiary's joinder should be ordered.

I.  Background

   A.  Factual History

On January 14, 2013, AFLAIC issued an $85,000 life insurance policy (the "Policy") to Sheila Turner ("Sheila"). The policy contained a two-year "incontestability clause," stating that AFLAIC could not contest the policy after it had been in effect for two years.

1

Sheila named three primary beneficiaries: (1) Jatron Herron, her grandson and a minor; (2) Dezerious Murray, also her grandson and a minor; and (3) Michael Turner ("Turner"), her husband. The two minor children are represented in this lawsuit by Plaintiffs Jelisa Murray and Latasha Murray.

Sheila passed away on May 10, 2014. Sheila's estate filed a claim for Sheila's death benefits. Because Sheila passed away within the contestability period, AFLAIC conducted a routine investigation into the claim. AFLAIC's investigation revealed significant issues in Sheila's medical history. AFLAIC alleges Sheila failed to disclose those issues with her application. AFLAIC denied the claim due to Sheila's alleged "material misrepresentations."

B. <u>Procedural History</u>

Plaintiffs filed suit against AFLAIC and William Lawrence ("Lawrence"), the agent who sold the life insurance policy to Sheila, in the Twelfth Judicial District Court in Avoyelles Parish. Plaintiffs allege AFLAIC failed to pay death benefits in bad faith, and in violation of Louisiana law. Plaintiffs seek death benefits, costs, penalties, and attorney's fees against AFLAIC. Plaintiffs further allege that Lawrence made negligent misrepresentations to Sheila during the application process. Plaintiffs seek damages against Lawrence as well.

AFLAIC removed based upon diversity jurisdiction. Although Lawrence is a citizen of Louisiana, and is therefore a non-diverse defendant, AFLAIC maintains Lawrence was improperly joined. AFLAIC argues Plaintiffs' claim against Lawrence is barred by a peremptive period, and is otherwise not viable because Plaintiffs could

not show that Sheila reasonable relied upon misrepresentations made by Lawrence after her application was filed.

Plaintiffs moved to remand. Plaintiffs first argue that $75,000 is not at issue for purposes of diversity jurisdiction, because Plaintiffs – two of the three named beneficiaries – are each entitled to a death benefit of only $28,333.33. According to Plaintiffs, these death benefit amounts – even when combined with damages and penalties for bad faith – do not exceed $75,000. Plaintiffs also argue that their claim against Lawrence is not perempted, because Lawrence's misrepresentations may have occurred or continued after the application process.

AFLAIC moved to compel joinder of Turner, the third named beneficiary. AFLAIC maintains Turner is a necessary party to this lawsuit, and that any death benefits Turner may recover must be included in the amount in controversy. Plaintiffs argue they are unable to locate Turner for representation, and that their claims may be adjudicated separately from Turner's potential claim.

II. <u>Law and Analysis</u>

    A. <u>The Motion to Remand should be denied.</u>

Plaintiffs argue both that the Court's jurisdictional threshold is not satisfied, and that Lawrence's presence in the lawsuit destroys diversity.

        1. <u>The amount in controversy requirement is satisfied, because at least the $85,000 value of the Policy is at issue.</u>

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. See <u>Scarlott v. Nissan N. Am., Inc.</u>, 771 F.3d 883,

887 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists. See 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction. See Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013). "Any ambiguities are construed against removal and in favor of remand to state court." Id.

Louisiana law forbids plaintiffs from specifying the monetary value of damages. See La. Code Civ. P. art. 893. Accordingly, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." Robertson v. Exxon Mobil Corp., 814 F.3d 236, 240 (5th Cir. 2015).

However, "[t]he required "demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." Id. (quoting Berniard v. Dow Chem. Co., 481 Fed.Appx. 859, 862 (5th Cir. 2010)). If the removing defendant carries its burden, remand is still warranted if the plaintiff can establish, to a "legal

certainty," that damages do not exceed $75,000.  See De Aguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir. 1995).

In this case, AFLAIC argues it is facially apparent that at least $85,000 (the value of the Policy) is in dispute.  Plaintiffs argue their individual claims for $28,333.33 each are separable from one another, and from Turner's potential claim for the same death benefit.  Plaintiffs also argue, and purport to "stipulate," that any damages and penalties for bad faith do not exceed $75,000.

As Defendants correctly point out, this Court has considered a nearly identical set of circumstances before.  In Hunt v. Stonebridge Life Ins. Co., the plaintiff was one of three beneficiaries of her mother's life insurance policy.  7 F.Supp.3d 652, 653 (W.D. La. 2014).  The insurer denied the plaintiff's claim based upon a "medical treatment" exclusion.  See id.  The plaintiff filed suit seeking a "declaratory judgment stating that the medical treatment exclusion relied upon by [the insurer] does not apply based on the facts of this case, as well as unspecified monetary relief under the policy by virtue of plaintiff's status as a beneficiary."  See id. at 654.

This Court held that, because the plaintiff sought a declaratory judgment, the amount in controversy was "the value of the object of the litigation or the value of the right to be protected or the extent of the injury to be prevented."  Id.  The value of the life insurance policy was $200,000, which satisfied the Court's jurisdictional threshold.  Id.  The Court further explained that the plaintiff's claim depended upon whether the medical treatment exclusion applied to the policy as a whole.  See id.  Moreover, the court characterized the beneficiaries' interests in the life insurance

5

proceeds as a "common, undivided interest," warranting aggregation of their interests.  See id. at 655.

This Court finds no meaningful distinction, in fact or in law, between this case and Hunt.  Plaintiffs maintain that the claim in Hunt was for a declaratory judgment, meaning the Court's ruling applied to the entire policy.  It is true that Plaintiffs do not specifically request a "declaratory judgment."  In fact, the Petition does not specify any particular claim at all.  Rather, the Petition merely seeks "general and special damages" for AIFLAC's alleged refusal to "honor its obligation" in denying the claim in "bad faith."  (Doc. 1-4, pp. 1-2).  This is a distinction without a difference.

Whether characterized as a claim for declaratory relief, breach of contract, or "monetary damages," the Court must decide whether the Policy's material misrepresentation provision was correctly applied in this case.  That determination must apply to the entire policy and the entire death benefit amount of $85,000. "Where the plaintiffs requested relief requires an interpretation of the legal effects of an insurance policy, the value of the policy controls the amount in controversy."  See Lowe v. Metro. Ins. & Annuity Co., CIV.A. 12-2868, 2013 WL 1947167, at *3 (W.D. La. May 9, 2013) (citing Waller v. Professional Ins. Corp., 296 F.2d 545, 547 (5th Cir. 1961)).

Plaintiffs also maintain – without citation – that their claims are separable from one another, and from the claim of Turner, the third named beneficiary.  Even if viable, this argument does not supersede the Court's conclusion that the value of the entire policy is necessarily at issue given the nature of Plaintiffs' claims.  Even

so, the Court finds no indication that the Policy itself may somehow limit the amount in controversy.

Life insurance contracts have long been treated as sui generis in Louisiana. See T. L. James & Co., Inc. v. Montgomery, 332 So.2d 834, 845 (La. 1975). "[T]he disbursement to the beneficiary of life insurance proceeds are governed by the contractual provisions, and that Civil Code provisions are inapplicable." Fowler v. Fowler, 2003-0590 (La. 12/12/03, 6), 861 So.2d 181, 185.

In Hunt, the policy contract provided that benefits would be paid to the insured's "spouse, if living; otherwise, equally to [the insured's] then living lawful children, if any." (Docket No. 1:13-03007, Doc. 8, p. 14). The Court concluded that the plaintiff's purported "individual claim [was], in truth, a claim she share[d] with her co-beneficiaries." See 7 F.Supp.3d at 655.

Again, there is no viable distinction in this case. The Policy simply states that "[t]he beneficiary receives the Death Benefit . . . upon the death of the Insured." (Doc. 13-3, p. 9). The Policy application requires the applicant to list beneficiaries and "[i]nclude percentage shares. If shares are not given, they will be equal." (Doc. 11, p. 1). Sheila listed three "primary" beneficiaries by name, and stated that each would receive a share of 33.33 percent. (Id.). While the contract specifies each beneficiary's percentage "share" to the death benefit, the policy at issue in Hunt – as do most life insurance policies – created essentially the same result. The Policy does not contractually create three severable claims to the death benefit.[1]

---

[1] This analysis excludes the additional damages against Lawrence sought in the Petition, as well as the additional penalties and interest for Plaintiffs' bad faith claim against AFLAIC. Plaintiffs do not

7

Finally, Plaintiffs' proposed stipulation is inapposite. Any such stipulation would be a post-removal event, and would not clarify any ambiguity that existed at the time of removal. Because jurisdictional facts must be judged at the time of removal, such a stipulation would not divest the Court of jurisdiction. See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

### 2. Complete diversity exists because Lawrence was improperly joined.

The doctrine of improper joinder is a narrow exception to the complete diversity requirement. Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011). The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir.2004) (citing 28 U.S.C. § 1441(b). "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." Id.

"To establish improper joinder, the removing party must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Cuevas,

---

specify the nature of their bad faith claim. But La. R.S. 22:1811 states that claimants may recover "interest at the rate of eight percent per annum from date of receipt of due proof of death by the insurer until paid" if an insurer fails to pay death benefits "without just cause." La. R.S. 22:1973(B)-(C) also allows claimants to recover penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." Plaintiffs' claim may be fairly construed to seek interest and penalties under both provisions.

Neither party offers evidence of what the damages against Lawrence, or the interest and penalty amounts against AFLAIC, may be. But even if the Court had not concluded that the total value of the Policy was at issue, those potential damages would be added to the $56,666.66 which Plaintiffs admit is disputed. In either event, the Court would conclude that Defendants have established, by a preponderance of the evidence, that $75,000 or more is in controversy.

648 F.3d at 249 (quoting Smallwood, 385 F.3d at 573). When, as here, the second method is at issue,

> the test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was indeed improper, unless that showing compels the dismissal of all defendants.

Cuevas, 648 F.3d at 249 (internal citations and quotations omitted) (emphasis added).[2] "A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder." African Methodist Episcopal Church v. Lucien, 756 F.3d 788, 793 (5th Cir. 2014).

Plaintiffs concede that, under La. R.S. 9:5606, the negligent misrepresentation claim against Lawrence is subject to a preemptive period of one year from the discovery of the alleged misrepresentation or three years total. See Moss v. Hartford Life & Acc. Ins. Co., CIV. A. 10-0023, 2010 WL 1854029, at *5 (W.D. La. May 7, 2010) (quoting Bel v. State Farm Mut. Auto. Ins. Co., 2002–1292 (La.App. 1 Cir. 2/14/03), 845 So.2d 377, 380 ("'[I]f a claim of negligence [under Section 5606] is not filed within three years of the alleged [negligent] act, it is extinguished by peremption, regardless of whether or not it was filed within one year from the date of discovery.'"). Lawrence's assistance to Sheila in completing her life insurance application concluded on December 28, 2012, and the Policy became effective of January 14, 2013.

---

[2] AFLAIC does not suggest there is actual fraud in the pleadings. Rather, AFLAIC argues that Plaintiffs cannot recover against Lawrence as a matter of law.

9

Plaintiffs filed this lawsuit on January 27, 2016, more than three years later. Accordingly, any claims against Lawrence for conduct arising before the Policy became effective are barred by preemption.

During the Hearing, however, Plaintiffs suggested that Lawrence may have made misrepresentations at some point after the Policy became effective. Plaintiffs liken this allegation to a "continuing tort" claim. Plaintiffs offer neither evidence nor a formal allegation that any such misrepresentations occurred. Rather, Plaintiffs argue that discovery may confirm (or disprove) their suggestion.

As a matter of fact, Plaintiffs' suggestion creates, if anything, a "mere theoretical possibility of recovery," which would not preclude a finding of improper joinder. Lucien, 756 F.3d at 793. Under La. R.S. 9:5606 – as a general rule – in circumstances comparable to this case, the preemptive period commences on the date the insurance policy is purchased. See Bordelon v. Indep. Order of Foresters, CIV.A. 05-2640, 2005 WL 3543815, at *3 (E.D. La. Oct. 4, 2005). In seeking to deviate from this rule, Plaintiffs do not indicate what type of misrepresentation Lawrence may have made after the application was completed. Further, AFLAIC denied Plaintiffs' claim because Sheila made misrepresentations in her original application. Plaintiffs fail to explain how a misrepresentation made after Sheila completed her application could have affected AFLAIC's denial, or otherwise could impose liability upon Lawrence, even if such a misrepresentation were discovered.

Moreover, as a matter of law, Plaintiffs' suggestion would not give rise to a viable claim against Lawrence. To recover against an insurance agent for

10

misrepresentation, a plaintiff must show that: "(1) the [agent] owed a duty to supply correct information, (2) the [agent] breached that duty, and (3) the plaintiff suffered damages resulting from justifiable reliance on the misrepresentation." Miller v. Am. Strategic Ins. Co., 13-CV-2658, 2015 WL 5024627, at *4 (W.D. La. Aug. 20, 2015) (citing Abbott v. Equity Group., Inc., 2 F.3d 613, 624 n. 38 (5th Cir.1993); Devore v. Hobart Mfg. Co., 367 So.2d 836, 839 (La.1979)). Once a plaintiff obtains the insurance policy, however, the plaintiff "cannot prove justifiable reliance on the alleged misrepresentations made by [an] insurance agent[] in light of [the plaintiff's] possession of clearly worded contract terms to the contrary." Dobson v. Allstate Ins. Co., CIVA 06-252, 2006 WL 2078423, at *12 (E.D. La. July 21, 2006). Here, Sheila's reliance upon any misrepresentations made by Lawrence could not have been reasonable once Sheila obtained the Policy. Accordingly, any claims arising from alleged misrepresentations made after Sheila obtained the Policy would be without legal basis.

Because AFLAIC has established that Plaintiffs have no reasonable chance to recover against Lawrence, the Court concludes that Lawrence was improperly joined. Lawrence should be dismissed.

### B. The Motion to Compel Joinder should be granted.

Under Fed. R. Civ. P. 19(a),

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:(i) as a practical matter impair or impede

11

> the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"The federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of." Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1308 (5th Cir. 1986). To accomplish this end, "Rule 19 seeks to bring into a lawsuit all those persons who ought to be there by requiring joinder." Id.

Rule 19 is rooted in the equitable and practical considerations of failing to join a party. Rosbottom v. Schiff, CV 15-758, 2016 WL 3633431, at *7 (W.D. La. June 28, 2016). Rule 19 also ensures that all interested parties are present in a single lawsuit, and that judicial resources are not wasted. Coop. Benefit Admin'rs v. Ogden, 265 F.Supp.2d 662, 674 (M.D. La.2003), aff'd in part, rev'd in part sub nom on other grounds, Coop. Ben. Adm'rs, Inc. v. Ogden, 367 F.3d 323 (5th Cir. 2004).

In this case, Turner is (to the best of all parties' knowledge) a citizen of Louisiana. His presence in the lawsuit will not deprive the Court of subject matter jurisdiction. And although Turner was not located for purposes of representation, there is no reason to believe that Turner is not subject to service of process.

Further, Turner is a necessary party under all subsequent provisions of Rule 19. Plaintiffs seek to obtain the proceeds of a life insurance policy withheld under a single policy provision. The proceeds are equally divisible among three named beneficiaries, including Turner. The fate of those proceeds rests upon a single

determination of whether the insured made material representations in submitting her life insurance application to AFLAIC.

Considering these facts, it is evident that complete relief may not be afforded in Turner's absence for purposes of Rule 19(a)(1)(A). Under Rule 19(a)(1)(B)(i), an adverse ruling here would substantially compromise, if not destroy, Turner's ability to seek his share of the proceeds in some parallel lawsuit elsewhere. And adjudicating Plaintiffs' claims without Turner would undoubtedly leave AFLAIC exposed to "double, multiple, or otherwise inconsistent obligations" under Rule 19(a)(1)(B)(ii).

For similar reasons, courts routinely find that beneficiaries to a life insurance policy are necessary parties under Rule 19. See, e.g., Douglas v. Minnesota Life Ins. Co., CIV.A. 12-1977, 2013 WL 5726023, at *1 (W.D. La. Oct. 21, 2013); Bohanna v. Hartford Life & Acc. Ins. Co., 848 F.Supp.2d 1009, 1015 (W.D. Mo.2012). Once again, this Court's decision in Hunt, under nearly identical circumstances, is instructive. The Court granted a motion to compel the joinder of two co-beneficiaries to a life insurance policy. Hunt, 7 F.Supp.3d at 655. The Court reasoned that "the applicability of the medical treatment exclusion to the policy is a question which should be answered uniformly as to all potential beneficiaries, as no facts or circumstances impacting the outcome of the declaratory judgment or the entitlement to a portion of the death benefit vary as among the three (3) plaintiffs." Id.

The same is, of course, true in this case. This Court must decide whether AFLAIC properly denied the claim for Sheila's death benefits by applying the Policy's

material misrepresentations provision. That decision should be made uniformly as to all beneficiaries. Therefore, Turner should be joined as a party under Fed. R. Civ. P. 19(a)(2).

### III. Conclusion

For the foregoing reasons,

IT IS HEREBY RECOMMENDED that the Motion to Remand (Doc. 12) filed by Plaintiffs be DENIED, and that Plaintiff's claims against Defendant William Lawrence be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the Motion to Compel Joinder of Additional Plaintiff Under Rule 19 (Doc. 13) filed by Defendant be GRANTED, and that, pursuant to Fed. R. Civ. P. 19(a)(2), Michael Turner be joined as a voluntary or involuntary Plaintiff to this lawsuit.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___16th___ day of September, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge